UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY ALAN SIAN,

        Petitioner,        Case No. 2:16-cv-272

v.        Honorable Gordon J. Quist

DUNCAN MacLAREN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner Timothy Alan Sian presently is incarcerated at the Kinross Correctional Facility. Petitioner pleaded guilty in the 46th Michigan Judicial Circuit for Crawford County to one count of second-degree home invasion, MICH. COMP. LAWS § 110a(3). On November 18, 2013, the court sentenced Petitioner as a third-offense felony offender, MICH. COMP. LAWS § 769.11, to a prison term of 6 to 30 years.

In his amended habeas application, Petitioner alleges that he sought leave to appeal his sentence to the Michigan Court of Appeals, arguing that he was improperly scored on sentencing variables, resulting in plain error and actual prejudice. Although Petitioner claims that he sought leave to appeal by filing an application on August 21, 2013, his appeal was never docketed and the Michigan Court of Appeals has no record of such an application, apparently because it was untimely. *See* MICH. CT. R. 7.205(G)(3) (providing that a delayed application for leave to appeal may not be filed more than six months after entry of the judgment). Petitioner apparently concedes this point, as he cannot identify a court of appeals docket number or date of decision.

Petitioner next alleges that he filed an application for leave to appeal to the Michigan Supreme Court on January 12, 2016. However, no such application was docketed in the Michigan Supreme Court, and, if actually submitted, it undoubtedly was returned to Petitioner because it did not appeal a decision of the Michigan Court of Appeals and was, in any event, untimely. *See* MICH. CT. R. 7.303 (B) (setting forth jurisdiction to review decisions of the court of appeals, not the circuit courts); MICH. CT. R. 7.305(C)(4) (providing 56 days to file an application for leave to appeal from the date of the court of appeals' decision).

Petitioner also alleges that he filed a motion for relief from judgment on the same date he alleges that he filed an application for leave to appeal to the Michigan Supreme Court: January

12, 2016. In his motion for relief, Petitioner claimed that he was denied his rights under the Sixth and Fourteenth Amendments, because the trial court increased his sentence by judicial factfinding, in violation of the Sixth and Fourteenth Amendments. The circuit court denied leave to appeal on March 23, 2016. Although Petitioner's amended habeas application alleges that he sought leave to appeal the denial of his motion for relief from judgment, the records of the Michigan courts show no such filing. In addition, Petitioner's representations are patently untrue, given that the dates he provides for the filings and decision in both the Michigan Court of Appeals and the Michigan Supreme Court (January 12, 2016, and March 23, 2016, respectively) are identical to the dates he provides with respect to the filing of the motion for relief from judgment in the circuit court (and, indeed, the date he provides for the filing and ostensible decision in the Michigan Supreme Court on direct appeal).

Petitioner filed his initial habeas application on or about December 12, 2016.[1] In his amended habeas application, Petitioner raises four grounds for relief:

I. [Petitioner] can show plain or obvious error.

II. [Petitioner's] Sixth and Fourteenth Amendment Rights were violated.

III. Sentencing judge violated [Petitioner's] Sixth Amendment Right to a trial by jury, Enhance his sentence, with fact that had not been admitted by [Petitioner] or found by a jury beyond a reasonable doubt.

IV. Erroneously sentenced.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517 (6th Cir. 2002). In *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008), the court held that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials. *Id.* at 521 (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)). Petitioner did not date his application, but it was received by the Court on December 12, 2016. Arguably, therefore, the Petitioner may have handed the petition to prison authorities a few days earlier, but a minor gain of a few days will not alter the result in this case.

(Am. Pet., ECF No. 6, PageID.44-45, 47-48.)

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final

by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on November 18, 2013. He did not file a timely direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had six months, or until Monday, May 19, 2014, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(G)(3). Petitioner did not attempt to file until August 21, 2013, and his appeal apparently was rejected as untimely. Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review).

Petitioner therefore had one year from May 19, 2014, in which to file his habeas application. Petitioner filed on or about December 12, 2016. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not

"revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2014, his collateral motion filed in 2016 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was

proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  See *Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not even claim that he is actually innocent, much less proffer new evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329.  Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   March 14, 2017                      */s/ Timothy P. Greeley*
                                             TIMOTHY P. GREELEY
                                             UNITED STATES MAGISTRATE JUDGE


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).